**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No.  25-80002 (SGJ) |
| PROSPECT MEDICAL HOLDINGS, INC., *et al.*[1] | (HCo Debtors' and PCo Debtors' Cases Jointly Administered) |
| Debtors. | (Joint Administration of TopCo Debtors' Cases Requested) |

**GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND
DISCLAIMERS REGARDING THE TOPCO DEBTORS' SCHEDULES OF ASSETS
AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

On January 11, 2025 (the "HCo Petition Date"), Prospect Medical Holdings, Inc. and its current hospital-related debtor affiliates in the above-captioned chapter 11 cases (collectively, the "HCo Debtors") commenced voluntary cases (the "HCo Chapter 11 Cases") under chapter 11 of title 11, United States Code, §§ 101 *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Texas (the "Court").

On July 7, 2025 (the "PCo Petition Date"), PHP Holdings, LLC ("PHPH") and its physician-related debtor affiliates (collectively, the "PCo Debtors") commenced voluntary cases (the "PCo Chapter 11 Cases") under chapter 11 of the Bankruptcy Code in the Court.

On July 9, 2025, the Court entered the *Order (I) Directing the Joint Administration of the PCo Debtors' Chapter 11 Cases with the HCo Debtors' Chapter 11 Cases and (II) Granting Related Relief* [Docket No. 2473].

On September 19, 2025 (the "TopCo Petition Date"), Chamber Inc., Ivy Holdings Inc., and Ivy Intermediate Holding Inc., as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "TopCo Debtors," and together with the HCo Debtors and the PCo Debtors, the "Debtors") commenced voluntary cases (the "TopCo Chapter 11 Cases" and together with the HCo Chapter 11 Cases and the PCo Chapter 11 Cases, collectively, the "Chapter 11 Cases") under chapter 11 of the Bankruptcy Code in the Court. On the TopCo Petition Date, the Debtors filed the *Debtors' Motion for Entry of an Order (I) Directing the Joint*

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/Prospect.  The Debtors' mailing address is 3824 Hughes Ave., Culver City, CA 90232.

*Administration of the TopCo Debtors' Chapter 11 Cases With the HCo Debtors' and PCo Debtors' Chapter 11 Cases and (II) Granting Related Relief* [Docket No. 3185].

The Schedules of Assets and Liabilities (the "TopCo Schedules") and Statements of Financial Affairs (the "TopCo Statements," and together with the TopCo Schedules, the "TopCo Schedules and Statements") were prepared pursuant to section 521 of the Bankruptcy Code and rule 1007 of the Federal Rules of Bankruptcy Procedure by management of the TopCo Debtors with unaudited information available as of the TopCo Petition Date.

These *Global Notes and Statement of Limitations, Methodology, and Disclaimers Regarding the TopCo Debtors' Schedules and Statements of Financial Affairs* (these "TopCo Global Notes") are incorporated by reference in, and comprise an integral part of, each TopCo Debtor's respective TopCo Schedules and Statements, and should be referred to and considered in connection with any review of the TopCo Schedules and Statements.

In preparing the TopCo Schedules and Statements, the TopCo Debtors relied on financial data derived from their books and records that was available at the time of such preparation. The TopCo Debtors have historically prepared consolidated monthly financial statements and have not historically prepared standalone monthly financial statements. Unlike the consolidated financial statements, the TopCo Schedules and Statements generally reflect the assets and liabilities of each TopCo Debtor on a nonconsolidated basis. Accordingly, the amounts listed in the TopCo Schedules and Statements will likely differ, at times materially, from the consolidated financial reports prepared historically by the TopCo Debtors. The TopCo Debtors, and their agents, attorneys, and advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein, and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein. While reasonable efforts have been made to provide accurate and complete information herein, inadvertent errors or omissions may exist. The TopCo Debtors reserve their rights to amend and supplement the TopCo Schedules and Statements as may be necessary or appropriate. For the avoidance of doubt, the TopCo Debtors and their agents, attorneys, and advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised, or re-categorized, except as required by applicable law. In no event shall the TopCo Debtors, or their agents, attorneys, and advisors, be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the TopCo Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the TopCo Debtors or their agents, attorneys, or advisors are advised of the possibility of such damages.

Given, among other things, the uncertainty surrounding the valuation and nature of certain assets and liabilities, to the extent that a TopCo Debtor shows more assets than liabilities, this is not an admission that such TopCo Debtor was solvent on the TopCo Petition Date or at any time prior to the TopCo Petition Date. Likewise, to the extent that a TopCo Debtor shows more liabilities than assets, it is not an admission that such TopCo Debtor was insolvent on the TopCo Petition Date or any time prior to the TopCo Petition Date.

Paul Rundell has signed each set of the TopCo Schedules and Statements. Mr. Rundell serves as the Chief Restructuring Officer ("CRO") of the Debtors, and he is an authorized signatory for each of the TopCo Debtors in these Chapter 11 Cases. In reviewing and signing the Schedules and Statements, Mr. Rundell has necessarily relied upon the efforts, statements, advice, and representations of the TopCo Debtors and their advisors (and their proposed advisors). Mr. Rundell has not (and could not have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

### TopCo Global Notes and Overview of Methodology

1. **Description of the Cases**. Commencing on the TopCo Petition Date, each of the TopCo Debtors commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The TopCo Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On January 29, 2025, the United States Trustee for the Northern District of Texas (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 295] in the HCo Chapter 11 Cases. On January 30, 2025, the U.S. Trustee appointed Suzanne Koenig as the patient care ombudsman [Docket No. 325]. No trustee or examiner has been appointed in these Chapter 11 Cases.

The Debtors inclusive of the TopCo Debtors, continue to operate their businesses and manage their properties as debtors and debtors in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The HCo Chapter 11 Cases and the PCo Chapter 11 Cases have been—and the TopCo Chapter 11 Cases are proposed to be—consolidated for procedural purposes only and are—or are proposed to be—jointly administered under Case No. 25-80002 (SGJ).

2. **Reservations and Limitations.** Reasonable efforts have been made to prepare and file complete and accurate TopCo Schedules and Statements; however, as noted above, inadvertent errors or omissions may exist. The TopCo Debtors reserve all rights to amend and supplement the TopCo Schedules and Statements as may be necessary or appropriate. Nothing contained in the TopCo Schedules and Statements or these TopCo Global Notes constitutes a waiver of any of the TopCo Debtors' rights or an admission of any kind with respect to these Chapter 11 Cases, including, but not limited to, any rights or claims of the TopCo Debtors against any third party or issues involving substantive consolidation, equitable subordination, or defenses or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable bankruptcy or non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the TopCo Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

(a) **No Admission.** Nothing contained in the TopCo Schedules and Statements is intended or should be construed as an admission or stipulation of the validity of any claim against the TopCo Debtors, any assertion made therein or herein, or a waiver of the TopCo Debtors' rights to dispute any claim or assert any cause of action or defense against any party.

3

(b)    **Recharacterization.**    Notwithstanding that the TopCo Debtors have made reasonable efforts to correctly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the TopCo Schedules and Statements, the TopCo Debtors nonetheless may have improperly characterized, classified, categorized, or designated certain items. The TopCo Debtors reserve all rights to recharacterize, reclassify, recategorize, or redesignate items reported in the TopCo Schedules and Statements at a later time as is necessary and appropriate, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the TopCo Petition Date and remain executory and unexpired post-petition. Disclosure of information in one or more TopCo Schedule, TopCo Statement, or one or more exhibit or attachment thereto, even if incorrectly placed, shall be deemed to be disclosed in the correct TopCo Schedule, TopCo Statement, exhibit, or attachment.

(c)    **Classifications.**    Listing (i) a claim on Schedule D as "secured," (ii) a claim on Schedule E/F as "priority" or "unsecured," or (iii) a contract on Schedule G as "executory" or "unexpired" does not constitute an admission by the TopCo Debtors of the legal rights of the claimant or contract counterparty, or a waiver of the TopCo Debtors' rights to recharacterize or reclassify such claim or contract or to setoff such claim.

(d)    **Claims Description.**    Any failure to designate a claim on the TopCo Debtors' Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the TopCo Debtors that such amount is not "disputed," "contingent," or "unliquidated." Each TopCo Debtor reserves all rights to dispute, or assert offsets or defenses to, any claim reflected on its respective TopCo Schedules and Statements or described in these TopCo Global Notes on any grounds, including, without limitation, liability, or classification, or to otherwise subsequently designate such claims as "disputed," "contingent," or "unliquidated" or object to the extent, validity, enforceability, or priority of any claim. Moreover, listing a claim does not constitute an admission of liability by the TopCo Debtors against which the claim is listed or by any of the TopCo Debtors. The TopCo Debtors reserve all rights to amend their TopCo Schedules and Statements and TopCo Global Notes as necessary and appropriate, including, but not limited to, with respect to claim description and designation.

(e)    **Estimates and Assumptions.**    The preparation of the TopCo Schedules and Statements required the TopCo Debtors to make reasonable estimates and assumptions with respect to the reported amounts of assets and liabilities, the amount of contingent assets and contingent liabilities on the TopCo Schedules and Statements, and the reported amounts of revenues and expenses during the applicable reporting periods. Actual results could differ from such estimates.

(f)    **Causes of Action.**    Despite reasonable efforts, the TopCo Debtors may not have identified all current and potential causes of action the TopCo Debtors may have against third parties in their respective TopCo Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy

Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets. The TopCo Debtors reserve all rights with respect to any causes of action, and nothing in these TopCo Global Notes or the TopCo Schedules and Statements should be construed as a waiver of any such causes of action.

(g) **Intellectual Property Rights.** The TopCo Debtors have no included any intellectual property in the TopCo Schedules and Statements. Exclusion of intellectual property from the Schedules and Statements should not be construed as an admission that such intellectual property rights have been abandoned, have been terminated or otherwise expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. The TopCo Debtors reserve all of their rights with respect to the legal status of any and all such intellectual property rights.

(h) **Executory Contracts and Unexpired Leases.** Although the TopCo Debtors made diligent efforts to identify contracts and unexpired leases as executory within the scope of section 365 of the Bankruptcy Code and to attribute an executory contract to its rightful TopCo Debtors, in certain instances, the TopCo Debtors may have inadvertently failed to do so due to the complexity and size of the TopCo Debtors' businesses. Accordingly, the TopCo Debtors reserve all rights with respect to the inclusion or exclusion of executory contracts and unexpired leases, as well as the named parties to any and all executory contracts and unexpired leases, including the right to amend Schedule G at any time during the pendency of these Chapter 11 Cases.

(i) **Insiders.** In the circumstance where the TopCo Schedules and Statements require information regarding "insiders," the Debtors have responded with respect to certain individuals who served as officers and directors, as the case may be, during the relevant time periods. Such individuals may no longer serve in such capacities. As to each TopCo Debtor, an individual or entity is designated as an "insider" for the purposes of the Schedules and Statements if such individual or entity, based on the totality of the circumstances, may have a controlling interest in, or may exercise sufficient authority over, the Debtor so as to direct corporate policy and the disposition of corporate assets.

The listing or omission of a party as an insider for purposes of the Schedules and Statements is not intended to be, nor should it be, construed as an admission of any fact, right, claim, or defense and all such rights, claims, and defenses are hereby expressly reserved. Information regarding the individuals listed as insiders in the TopCo Schedules and Statements has been included for informational purposes only and such information may not be used for: (i) the purposes of determining (A) control of the Debtors; (B) the extent to which any individual exercised management responsibilities or functions; (C) corporate decision-making authority over the Debtors; or (D) whether such individual could successfully argue that he or she is not an insider under applicable law, including the Bankruptcy Code and federal securities laws, or with respect to any theories of liability; or (ii) any other purpose.

(j)     **Umbrella or Master Agreements.**  Contracts listed in the TopCo Schedules and
Statements may be umbrella or master agreements that cover relationships with
some or all of the TopCo Debtors.  Where relevant, such agreements may have been
listed in the TopCo Schedules and Statements of only the TopCo Debtor(s) that
signed the original umbrella or master agreement.  Other TopCo Debtors, however,
may be liable together with such TopCo Debtor(s) on account of such agreements.
The TopCo Debtors reserve all rights to amend the TopCo Schedules and
Statements to reflect changes regarding the liability of the TopCo Debtors with
respect to such agreements, if appropriate.  Additionally, by listing an umbrella or
master agreement in these TopCo Schedules and Statements, the TopCo Debtors
make no representation as to the severability of such agreements and their related
contracts and leases, including any subleases, and the TopCo Debtors reserve any
and all rights with respect to any arguments or claims it may have in regard to the
severability of such agreements.

(k)     **Other Paid Claims.**  To the extent the Debtors have reached or do reach any
postpetition settlement with a creditor, the terms of such settlement will prevail,
supersede amounts listed in the TopCo Schedules and Statements, and shall be
enforceable by all parties, subject to Court approval.  To the extent the Debtors pay
any of the claims listed in the TopCo Schedules and Statements pursuant to any
orders entered by the Court, the Debtors reserve all rights to amend and supplement
the Schedules and Statements and take other action, such as filing claims
objections, as is necessary and appropriate to avoid overpayment or duplicate
payment for such liabilities.

3.     **Description of Cases and "As Of" Information Date.**  Beginning on the TopCo Petition
Date, each of the TopCo Debtors filed a voluntary petition for relief under chapter 11 of
the Bankruptcy Code in the Court.  The TopCo Debtors continue to maintain their business
as debtors in possession (although they do not have ongoing operations). The TopCo
Debtors have sought the extension of certain procedural and administrative relief granted
to the HCo Debtors and the PCo Debtors through the *Debtors' Motion For Entry of an
Order (I) Applying Certain Orders in the HCo Debtors' and the PCo Debtors' Chapter 11
Cases to the Topco Debtors and (II) Granting Related Relief* [Docket No. 3186]
(the "TopCo Joinder Motion"), including: (i) claims agent retention; (ii) complex
chapter 11 case treatment; (iii) creditor matrix and noticing procedures; (iv) establishment
of bar dates; and (v) retention of certain bankruptcy professionals.  The information
provided herein, except as otherwise noted, is reported as of the TopCo Petition Date of
each respective TopCo Debtor, as appropriate.

4.     **Confidential or Sensitive Information**.   There may be instances in which certain
information in the TopCo Schedules and Statements has been intentionally redacted due
to, among other things, concerns for the privacy of an individual or concerns about the
confidential or commercially sensitive nature of certain information. Any alterations or
redactions in the TopCo Schedules and Statements are limited only to what the TopCo
Debtors believe is necessary to protect the TopCo Debtors or the applicable third-party,
and the TopCo Debtors have provided interested parties with sufficient information to
discern the nature of the listing. As set forth in the *Order (I) Authorizing the Debtors to*

*File (A) A Consolidated Creditor Matrix and (B) A Consolidated List of the 30 Largest Unsecured Creditors; (II) Authorizing (A) The Debtors to Redact Certain Personally Identifiable Information, and (B) The Implementation of Procedures to Protect Confidential Patient Information; (III) Establishing a Complex Service List; (IV) Approving Form and Manner of Notice of Commencement; and (V) Granting Related Relief* [Docket No. 123] (the "Creditor Matrix Order"), as made applicable to the PCo Debtors pursuant to the *Order (I) Applying Certain Orders in the HCo Debtors' Chapter 11 Cases to the PCo Debtors and (II) Granting Related Relief* [Docket No. 2476], and as proposed to be extended to the TopCo Debtors by the TopCo Joinder Motion, the HCo and PCo Debtors may redact personally identifiable information such as names and addresses of current and former employees, contract workers, vendors, suppliers, equity holders and other individuals. As described above, the TopCo Debtors have sought extension of such relief to the TopCo Debtors through the TopCo Joinder Motion.

5. **Methodology.**

   (a) **Basis of Presentation.**  The TopCo Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP") nor are they intended to be fully reconciled to the financial statements of each TopCo Debtor.  The TopCo Schedules and Statements contain unaudited information that is subject to further review and potential adjustment.  The TopCo Schedules and Statements reflect the TopCo Debtors' reasonable efforts to report the assets and liabilities of each TopCo Debtor on an unconsolidated basis.

   (b) **Duplication.**  Certain of the TopCo Debtors' assets, liabilities, and prepetition payments may properly be disclosed in multiple parts of the TopCo Statements and Schedules.  To the extent these disclosures would be duplicative, the TopCo Debtors have endeavored to only list such assets, liabilities, and prepetition payments once.

   (c) **Net Book Value.**  In certain instances, current market valuations for individual items of property and other assets are neither maintained by, nor readily available to the Debtors.  Accordingly, unless otherwise indicated, the TopCo Debtors' Schedules and Statements reflect net book values as of the TopCo Petition Date. Market values may vary, in some instances, materially, from net book values.  The TopCo Debtors believe that it would be an inefficient use of estate assets for the TopCo Debtors to obtain the current market values of their property.  Accordingly, the TopCo Debtors have indicated in the TopCo Schedules and Statements that the market values of certain assets and liabilities are undetermined.  Also, assets that have been fully depreciated or that were expensed for accounting purposes either do not appear in these TopCo Schedules and Statements, or are listed with a zero-dollar value, as such assets have no net book value.  The omission of an asset from the TopCo Schedules and Statements does not constitute a representation regarding the ownership of such asset, and any such omission does not constitute a waiver of any rights of the TopCo Debtors with respect to such asset.

(d)     **Contingent Claim.**  A claim that is dependent on the realization of some uncertain future event is a "contingent" claim.

(e)     **Undetermined Amounts.**  The description of an amount as "unknown," "TBD," or "undetermined" is not intended to reflect upon the materiality of such amount.

(f)     **Unliquidated Amounts.**  Amounts that could not be fairly quantified by the TopCo Debtors are scheduled as "unliquidated."

(g)     **Disputed Claim.**  A claim with respect to which the applicable TopCo Debtor and the claimant disagree as to whether the amount owed, whether any amount is owed, the priority of the claim, or otherwise is "disputed."

(h)     **Totals.**  All totals that are included in the TopCo Schedules and Statements represent totals of all known amounts.  To the extent there are unknown or undetermined amounts, the actual total may be different from the listed total.

(i)     **Liens.**  Any inventory, property, and equipment listed in the TopCo Schedules and Statements is presented without consideration of any liens.

(j)     **Currency.**  Unless otherwise indicated, all amounts are reflected in U.S. dollars.

(k)     **Liabilities.**  The TopCo Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the TopCo Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change.  The TopCo Debtors reserve the right to amend the TopCo Schedules and Statements and these TopCo Global Notes as they deem appropriate in this and all other regards.

(l)     **Excluded Assets and Liabilities.**  The TopCo Debtors have excluded certain categories of assets and liabilities from the TopCo Schedules and Statements, including, but not limited to: certain deferred charges, investments in subsidiaries, reserves recorded only for purposes of complying with the requirements of GAAP; deferred tax assets; deferred tax liabilities; and other intangibles; deferred revenue accounts; and certain accrued liabilities, including salaries and employee benefits.  The TopCo Debtors have also excluded rejection damage claims of counterparties to executory contracts and unexpired leases that may or may not be rejected, to the extent such damage claims exist.  Other immaterial assets and liabilities may also have been excluded.

(m)     **Credits and Adjustments.**  The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the TopCo Debtors' books and records and may either (i) not reflect credits, allowances, or other adjustments due from such creditors to the TopCo Debtors or (ii) be net of accrued credits, allowances, or other adjustments that are actually owed by a creditor to the TopCo Debtors on a postpetition basis on account of such

credits, allowances, or other adjustments earned from prepetition payments and critical vendor payments, if applicable. The TopCo Debtors reserve all rights with regard to such credits, allowances, or other adjustments, including, but not limited to, the right to modify the TopCo Schedules, assert claims objections and/or setoffs with respect to the same, or apply such allowances in the ordinary course of business on a postpetition basis.

(n)     **Setoffs.**  The TopCo Debtors may periodically incur setoffs and net payments in the ordinary course of business.  Such setoffs and nettings may occur due to a variety of transactions or disputes.  Although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for, and as such, are or may be excluded from the TopCo Schedules and Statements.  The TopCo Debtors reserve all rights to challenge any setoff and/or recoupment rights that may be asserted.

6.     **Global Notes Control.**  These TopCo Global Notes pertain to and comprise an integral part of each of the TopCo Schedules and Statements and should be referenced in connection with any review thereof.  In the event that the TopCo Schedules and Statements conflict with these TopCo Global Notes, these TopCo Global Notes shall control.

7.     **Specific Schedules Disclosures.**

(a)     **Schedules Summary**.  Except as otherwise noted, the asset totals represent amounts as of the TopCo Petition Date and liability information provided herein represents the Debtors' liabilities as of the TopCo Petition Date.

(b)     **Schedule A/B, Part 1 – Bank Accounts.**  The TopCo Debtors do not maintain any bank accounts.

(c)     **Schedule A/B, Part 4 – Investments; Non-Publicly Traded Stock and Interests in Incorporated and Unincorporated Businesses, including any Interest in an LLC, Partnership, or Joint Venture.**  To the extent that a TopCo Debtor has ownership interests in its subsidiaries, such interests have been listed in Schedule A/B, Part 4, as undetermined amounts on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors, and may differ significantly from their net book value.

(d)     **Schedule D – Creditors Who Have Claims Secured by Property.**  The TopCo Debtors have made reasonable efforts to report all secured claims against the TopCo Debtors on Schedule D based on the TopCo Debtors' books and records as of the Petition Date.  However, the actual value of claims against the TopCo Debtors may vary significantly from the represented liabilities.  Parties in interest should not accept that the listed liabilities necessarily reflect the correct amount of any secured creditor's allowed claims or the correct amount of all secured claims. Similarly, parties in interest should not anticipate that recoveries in these cases will reflect the relationship of the aggregate asset values and aggregate liabilities set forth in the Schedules.  Parties in interest should consult their own professionals

and advisors with respect to pursuing a claim. Although the TopCo Debtors and their professionals have generated financial information and data the TopCo Debtors believe to be reasonable, actual liabilities (and assets) may deviate significantly from the TopCo Schedules due to certain events that occur throughout these Chapter 11 Cases.

Except as specifically stated herein, lessors of real property and equipment, utility companies, and any other parties which may hold security deposits or other security interests, have not been listed on Schedule D. The TopCo Debtors have also not listed on Schedule D any parties whose claims may be secured through rights of setoff, deposits, or advance payments.

Although the TopCo Debtors may have scheduled claims of various creditors as secured claims, the TopCo Debtors reserve all rights to dispute or challenge the secured nature of any creditor's claim or the characterization of the structure of any transaction or any document or instrument (including, without limitation, any intercompany agreement) related to such creditor's claim (except as otherwise agreed to or stated pursuant to a stipulation, agreed order, or general order entered by the Court that is or becomes final). The TopCo Debtors have not included on Schedule D the claims of any parties that may believe their claims are secured through setoff rights or inchoate statutory lien rights.

The descriptions provided on Schedule D are intended only as a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens. Nothing in these TopCo Global Notes or in the TopCo Schedules and Statements shall be deemed a modification, interpretation, or an acknowledgment of the terms of such agreements or related documents.

(e)     **Schedule E/F – Creditors Who Have Unsecured Claims.**

The TopCo Debtors have made reasonable efforts to report all priority and general unsecured claims against the TopCo Debtors on Schedule E/F based on the TopCo Debtors' books and records as of the TopCo Petition Date. However, the actual value of claims against the TopCo Debtors may vary significantly from the represented liabilities. Certain claims on E/F may have been satisfied post-petition by the TopCo Debtors or third parties. Furthermore, accrued interest for some claims may not have been possible to determine. Parties in interest should not accept that the listed liabilities necessarily reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims. Similarly, parties in interest should not anticipate that recoveries in these cases will reflect the relationship of the aggregate asset values and aggregate liabilities set forth in the TopCo Schedules. Parties in interest should consult their own professionals and advisors with respect to pursuing a claim. Although the TopCo Debtors and their professionals have generated financial information and data the TopCo Debtors believe to be reasonable, actual liabilities (and assets) may deviate

significantly from the TopCo Schedules due to certain events that occur throughout these Chapter 11 Cases.

The claims listed on Schedule E/F arose or were incurred on various dates. In certain instances, the date on which a claim arose may be unknown or subject to dispute. Although reasonable efforts have been made to determine the date upon which claims listed in Schedule E/F were incurred or arose, updating that date for each claim in Schedule E/F would be unduly burdensome and cost-prohibitive and, therefore, the Debtors have not listed a date for each claim listed on Schedule E/F.

*Part 1 - Creditors with Priority Unsecured Claims.* The TopCo Debtors included certain claims owing to various taxing authorities to which the TopCo Debtors may be liable. Priority unsecured tax claims are listed as contingent or unliquidated since they may have been paid through first day relief. Moreover, the inclusion of any amounts owed to taxing authorities does not constitute an admission by the TopCo Debtors of such liability.

The TopCo Debtors reserve the right to assert that any claim listed on Schedule E/F does not constitute a priority claim under the Bankruptcy Code.

*Part 2 - Creditors with Nonpriority Unsecured Claims.* The TopCo Debtors have used reasonable efforts to report all general unsecured claims against the TopCo Debtors in Schedule E/F, Part 2, based upon the Debtors' books and records as of the Petition Date. The TopCo Debtors made a reasonable attempt to set forth their unsecured obligations, although the actual amount of claims against the TopCo Debtors may vary from those liabilities represented on Schedule E/F, Part 2. The listed liabilities, which have been listed on a gross accounts payable basis, may not reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims.

(f)    **Schedule G – Executory Contracts and Unexpired Leases.** The TopCo Debtors hereby reserve all rights to dispute the validity, status, or enforceability of any contracts, agreements or leases set forth in Schedule G and to amend or supplement Schedule G as necessary. Additionally, the placing of a contract or lease onto Schedule G shall not be deemed an admission that such contract is an executory contract or unexpired lease, or that it is necessarily a binding, valid, and enforceable contract. Any and all of the TopCo Debtors' rights, claims and causes of action with respect to the contracts and agreements listed on Schedule G are hereby reserved and preserved. In addition, the TopCo Debtors are continuing their review of all relevant documents and expressly reserve their right to amend all TopCo Schedules at a later time as necessary and/or to challenge the classification of any agreement as an executory contract or unexpired lease in any appropriate filing.

The names of employees, consultants, or other individuals have been redacted for privacy purposes.

Certain information, such as the contact information or addresses of the counterparty, may not be included where such information could not be obtained using the TopCo Debtors' reasonable efforts. Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the TopCo Petition Date or is valid or enforceable. Expired contracts and leases may have also been inadvertently included. The TopCo Debtors hereby reserve all rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G and to amend or supplement such Schedule as necessary.

Certain of the leases and contracts listed on Schedule G may contain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G. In addition, the TopCo Debtors may have entered into various other types of agreements in the ordinary course of their business, such as supplemental agreements, letter agreements, employment-related agreements, and confidentiality and non-disclosure agreements, which may not be set forth in Schedule G. The TopCo Debtors reserve the right to dispute the effectiveness of any such contract listed on Schedule G or to amend Schedule G at any time to remove any contract.

The TopCo Debtors have reserved all rights to dispute or challenge the characterization of any transaction or any document or instrument related to a creditor's claim.

Although the TopCo Debtors have made diligent attempts to attribute an executory contract to its rightful TopCo Debtor, in certain instances, the TopCo Debtors may have inadvertently failed to do so due to the complexity and size of the TopCo Debtors' businesses. Accordingly, the TopCo Debtors reserve all rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The TopCo Debtors' rights under the Bankruptcy Code with respect to any such omitted contract or agreement is not impaired by the omission. Certain TopCo Debtors are guarantors and parties to guaranty agreements regarding the TopCo Debtors' prepetition credit facility. The guaranty obligations arising under these agreements are reflected on Schedules D and F only.

8. **Specific Statements Disclosures.**

(a)   **Statements, Part 3, Question 7 – Legal Actions or Assignments.** The TopCo Debtors have made reasonable best efforts to identify all current pending litigation and legal proceedings involving the TopCo Debtors. The TopCo Debtors reserve all of their rights and defenses with respect to any and all listed lawsuits and legal

proceedings.  The listing of such suits and proceedings shall not constitute an admission by the TopCo Debtors of any liabilities or that the actions or proceedings were correctly filed against the TopCo Debtors.

(b)    **Statement, Part 13, Question 25 –** Information listed in Question 25 is based on best historical corporate structure information available.  Certain dates of ownership may be approximate and certain historical address information may be unavailable for entities that no longer exist.

(c)    **Statements, Part 13, Question 26 – Books, records, and financial statements.** Since the TopCo Debtors are essentially holding companies with limited assets and liabilities, they have very limited financial books and records.  The TopCo Debtors have historically provided financial information to various interested parties over the past two years, including, but not limited to, insurance carriers, lenders and financial institutions, landlords, material vendors, advisors, regulatory and state agencies and others.  The TopCo Debtors do not maintain records of the parties who have requested or obtained copies.

(d)    **Statements, Part 13, Question 28 and 29 – Current and Former Officer and Directors.**  While the TopCo Debtors have made reasonable best efforts to list all applicable officers and directors for each TopCo Debtor in response to Statement Questions 28 and 29, some may have been omitted.  Disclosures relate specifically to terminated job titles or positions and are not indicative of the individuals' current employment status with the TopCo Debtors.  As to each TopCo Debtor, an individual or entity designated as an officer or director does not necessarily qualify such entity as an "insider" for purposes of the TopCo Schedules and Statements if such individual or entity, based on the totality of the circumstances, does not have a controlling interest in, or exercise sufficient authority over, the TopCo Debtor so as to direct corporate policy and the disposition of corporate assets.

*        *        *        *        *

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td>Debtor name</td><td>Chamber Inc.</td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td>Northern District of Texas, Dallas Division</td></tr>
<tr><td>Case number (If known)</td><td>25-33651 (SGJ)</td></tr>
</table>

☐ Check if this is an amended filing

## Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy    04/22

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

### Part 1:   Income

**1. Gross revenue from business**

☑ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
|---|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From _____<br>MM/DD/YYYY | to _____ | ☐ Operating a business<br>☐ Other _____ | $ _____ |
| **For prior year:** | From _____<br>MM/DD/YYYY | to _____<br>MM/DD/YYYY | ☐ Operating a business<br>☐ Other _____ | $ _____ |
| **For the year before that:** | From _____<br>MM/DD/YYYY | to _____<br>MM/DD/YYYY | ☐ Operating a business<br>☐ Other _____ | $ _____ |

**2. Non-business revenue**

Include revenue regardless of whether that revenue is taxable. Non-business income may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☑ None

| | | | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
|---|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From _____<br>MM/DD/YYYY | to _____ | _____ | $ _____ |
| **For prior year:** | From _____<br>MM/DD/YYYY | to _____<br>MM/DD/YYYY | _____ | $ _____ |
| **For the year before that:** | From _____<br>MM/DD/YYYY | to _____<br>MM/DD/YYYY | _____ | $ _____ |

| Debtor | Chamber Inc. | Case number *(If known)* | 25-33651 (SGJ) |
|---|---|---|---|
| | Name | | |

## Part 2: List Certain Transfers Made Before Filing for Bankruptcy

**3. Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers including expense reimbursements to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $8,575. (This amount may be adjusted on 4/01/2025 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☑ None

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer Check all that apply |
|---|---|---|---|
| 3.1 _____ Street _____ City      State      Zip Code | _____ | $ _____ | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other _____ |
| 3.2 _____ Street _____ City      State      Zip Code | _____ | $ _____ | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other _____ |

**4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $8,575. (This amount may be adjusted on 4/01/2025 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☑ None

| Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|
| 4.1 _____ Street _____ City      State      Zip Code | _____ | $ _____ | _____ _____ |
| **Relationship to debtor** _____ | | | |
| 4.2 _____ Street _____ City      State      Zip Code | _____ | $ _____ | _____ _____ |
| **Relationship to debtor** _____ | | | |

| Debtor | Chamber Inc. | Case number (If known) | 25-33651 (SGJ) |
|--------|--------------|------------------------|----------------|
| | Name | | |

**5. Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☑ None

| | Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|---|
| 5.1 | _____ Street _____ City    State    Zip Code | _____ _____ | _____ | $ _____ |
| 5.2 | _____ Street _____ City    State    Zip Code | _____ _____ | _____ | $ _____ |

**6. Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| _____ Street _____ City    State    Zip Code | _____ _____ | _____ | $ _____ |

Last 4 digits of account number: XXXX - _____

**Part 3:    Legal Actions or Assignments**

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity-within 1 year before filing this case.

☐ None   <u>See Attached Rider</u>

| Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| 7.1 _____ Case number _____ | _____ | _____ Street _____ City    State    Zip Code | ☐ Pending ☐ On appeal ☐ Concluded |
| 7.2 _____ Case number _____ | _____ | _____ Street _____ City    State    Zip Code | ☐ Pending ☐ On appeal ☐ Concluded |

Debtor   Chamber Inc.
         Name

Case number (If known)   25-33651 (SGJ)

**8. Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

| Custodian's name and address | Description of the property | Value |
|---|---|---|
| | | $ |
| Street | Case title | Court name and address |
| City          State          Zip Code | Case number | |
| | Date of order or assignment | |

---

## Part 4:   Certain Gifts and Charitable Contributions

**9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☑ None

| | Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|---|
| 9.1 | | | | $ |
| | Street | | | |
| | City          State          Zip Code | | | |
| | Recipient's relationship to debtor | | | |
| 9.2 | | | | $ |
| | Street | | | |
| | City          State          Zip Code | | | |
| | Recipient's relationship to debtor | | | |

---

## Part 5:   Certain Losses

**10. All losses from fire, theft, or other casualty within 1 year before filing this case.**

☑ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received. List unpaid claims on Official Form 106A/B (Schedule A/B: Assets - Real and Personal Property). | Date of loss | Value of property lost |
|---|---|---|---|
| | | | $ |

---

Debtor    Chamber Inc.
Name

**Part 6:**      **Certain Payments or Transfers**

11. **Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☑ None

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| 11.1 | | | $ |
| **Address** | | | |
| | | | |
| Street | | | |
| City          State          Zip Code | | | |
| **Email or website address** | | | |
| | | | |
| **Who made the payment, if not debtor?** | | | |
| | | | |

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| 11.2 | | | $ |
| **Address** | | | |
| | | | |
| Street | | | |
| City          State          Zip Code | | | |
| **Email or website address** | | | |
| | | | |
| **Who made the payment, if not debtor?** | | | |
| | | | |

12. **Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.

Do not include transfers already listed on this statement.

☑ None

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|
| | | | $ |
| **Trustee** | | | |

| Debtor | Chamber Inc. | Case number (If known) | 25-33651 (SGJ) |
|---|---|---|---|
| | Name | | |

---

**13.  Transfers not already listed on this statement**

List any transfers of money or other property-by sale, trade, or any other means-made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs.  Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None

| | Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|---|
| 13.1 | | | | $ |

**Address**

_____
Street

_____
City            State            Zip Code

**Relationship to debtor**

_____

| | Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|---|
| 13.2 | | | | $ |

**Address**

_____
Street

_____
City            State            Zip Code

**Relationship to debtor**

_____

---

## Part 7:  Previous Locations

**14.  Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☐ Does not apply

| Address | Dates of Occupancy | | | |
|---|---|---|---|---|
| 14.1 3415 S. Sepulveda Blvd., 9th Floor  Los Angeles, CA 90034 United States | From | May 2016 | To | October 2023 |
| 14.2 | From | | To | |

---

Debtor   Chamber Inc.
Name

Case number (If known)   25-33651 (SGJ)

---

**Part 8:   Health Care Bankruptcies**

15. **Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

☒ No. Go to Part 9.

☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| 15.1 _____ | _____ | _____ |
| Street _____ | | |
| City         State      Zip Code | **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider. | **How are records kept?** |
| | _____ | *Check all that apply:* |
| | _____ | ☐ Electronically |
| | | ☐ Paper |
| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
| 15.2 _____ | _____ | _____ |
| Street _____ | | |
| City         State      Zip Code | **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider. | **How are records kept?** |
| | _____ | *Check all that apply:* |
| | _____ | ☐ Electronically |
| | | ☐ Paper |

---

**Part 9:   Personally Identifiable Information**

16. **Does the debtor collect and retain personally identifiable information of customers?**

☐ No.

☒ Yes. State the nature of the information collected and retained.   See Debtor's website for a full list of information collected: https://www.prospectmedical.com/privacy-policy

Does the debtor have a privacy policy about that information?

☐ No

☒ Yes

17. **Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☒ No. Go to Part 10.

Yes. Does the debtor serve as plan administrator?

☐ No. Go to Part 10.

☐ Yes. Fill in below

| Name of plan | Employer identification number of the plan |
|---|---|
| _____ | EIN: _____ |

Has the plan been terminated?

☐ No

☐ Yes

---

Debtor    Chamber Inc.
Name

Case number (If known)     25-33651 (SGJ)

---

**Part 10:    Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

18.  **Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, old, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑  None

| Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| 18.1 _____ <br> Street _____ <br> City    State    Zip Code | XXXX-____ | ☐ Checking <br> ☐ Savings <br> ☐ Money Market <br> ☐ Brokerage <br> ☐ Other _____ | _____ | $ _____ |
| 18.2 _____ <br> Street _____ <br> City    State    Zip Code | XXXX-____ | ☐ Checking <br> ☐ Savings <br> ☐ Money Market <br> ☐ Brokerage <br> ☐ Other _____ | _____ | $ _____ |

19.  **Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑  None

| Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| _____ <br> Street _____ <br> City    State    Zip Code | _____ <br><br> **Address** <br> _____ <br> _____ | _____ | ☐ No <br> ☐ Yes |

20.  **Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑  None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| _____ <br> Street _____ <br> City    State    Zip Code | _____ <br><br> **Address** <br> _____ <br> _____ | _____ | ☐ No <br> ☐ Yes |

| Debtor | Chamber Inc. | Case number (If known) | 25-33651 (SGJ) |
|---|---|---|---|
| | Name | | |

## Part 11:  Property the Debtor Holds or Controls That the Debtor Does Not Own

**21.  Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| | | | $ |
| Street | | | |
| City          State          Zip Code | | | |

## Part 12:  Details About Environmental Information

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22.  Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☑ No
☐ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| | | | ☐ Pending |
| **Case Number** | Street | | ☐ On appeal |
| | City          State          Zip Code | | ☐ Concluded |

**23.  Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| | | | |
| Street | Street | | |
| City          State          Zip Code | City          State          Zip Code | | |

| Debtor | Chamber Inc. | Case number (If known) | 25-33651 (SGJ) |
|---|---|---|---|
| | Name | | |

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| _____ | _____ | _____ | _____ |
| Street | Street | | |
| _____ | _____ | | |
| City        State        Zip Code | City        State        Zip Code | | |

---

**Part 13:    Details About the Debtor's Business or Connections to Any Business**

25. **Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☐ None

| Business name and address | Describe the nature of the business | Employer Identification number Do not include Social Security number or ITIN. |
|---|---|---|
| 25.1 Ivy Holdings Inc. 3824 Hughes Ave. Culver City, CA 90232 | Holding Company | EIN: 90-0602574 |
| | | **Dates business existed** |
| | | From December 2019    To Present |

| Business name and address | Describe the nature of the business | Employer Identification number Do not include Social Security number or ITIN. |
|---|---|---|
| 25.2 | | EIN: _____ |
| | | **Dates business existed** |
| | | From _____    To _____ |

| Business name and address | Describe the nature of the business | Employer Identification number Do not include Social Security number or ITIN. |
|---|---|---|
| 25.3 | | EIN: _____ |
| | | **Dates business existed** |
| | | From _____    To _____ |

26.   **Books, records, and financial statements**

   26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

   ☐  None   **See Attached Rider**

| Name and address | | Dates of service | |
|---|---|---|---|
| 26a.1 | | From _____ | To _____ |
| Street | | | |
| City          State          Zip Code | | | |

| Name and address | | Dates of service | |
|---|---|---|---|
| 26a.2 | | From _____ | To _____ |
| Street | | | |
| City          State          Zip Code | | | |

   26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

   ☐  None

| Name and address | Dates of service | |
|---|---|---|
| 26b.1  BDO USA LLP<br>600 Anton Blvd.<br>Suite 500<br>Costa Mesa, CA 92626 | From Fiscal Year 2023 | To Present |

| Name and address | Dates of service | |
|---|---|---|
| 26b.2 | From _____ | To _____ |

   26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

   ☐  None

| Name and address | if any books of account and records are unavailable, explain why |
|---|---|
| 26c.1  Sabillo, Alfredo<br>3824 Hughes Ave.<br>Culver City, CA 90232 | N/A |

| Debtor | Chamber Inc. | Case number (If known) | 25-33651 (SGJ) |
| | Name | | |

| Name and address | if any books of account and records are unavailable, explain why |
|---|---|
| 26c.2  Samuels, Eric<br>3824 Hughes Ave.<br>Culver City, CA 90232 | N/A |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None   **See Attached Rider**

| Name and address |
|---|
| 26d.1 _____ |
| Street _____ |
| _____ |
| City _____ State _____ Zip Code _____ |

| Name and address |
|---|
| 26d.2 _____ |
| Street _____ |
| _____ |
| City _____ State _____ Zip Code _____ |

27. **Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☒ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| _____ | _____ | $ _____ |

| Name and address of the person who has possession of inventory records | | |
|---|---|---|
| 27.1 _____ | | |
| Street _____ | | |
| _____ | | |
| City _____ State _____ Zip Code _____ | | |

Debtor    Chamber Inc.
Name

Case number (If known)    25-33651 (SGJ)

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| | | $ |

| Name and address of the person who has possession of inventory records | | |
|---|---|---|
| 27.2 | | |
| Street | | |
| City                         State                         Zip Code | | |

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **See Attached Rider** | | | |
| | | | |
| | | | |
| | | | |
| | | | |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☐ No

☑ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| **See Attached Rider** | | | From            To |
| | | | From            To |
| | | | From            To |
| | | | From            To |

30. **Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☑ No

☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.1 | | | |
| | | | |

| Relationship to debtor |
|---|
| |

Debtor   Chamber Inc.
Name

Case number (If known)   25-33651 (SGJ)

| | Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|---|
| 30.2 | | | | |
| | Street | | | |
| | City                State                Zip Code | | | |

| Relationship to debtor |
|---|
| |

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ No

☑ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| Chamber Inc. | EIN:  84-4011925 |

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No

☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|
| | EIN: |

---

**Part 14:    Signature and Declaration**

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on        9/24/2025
                    MM / DD / YYYY


**X** /s/ Paul Rundell                                    Printed name   Paul Rundell
Signature of individual signing on behalf of the debtor


Position or relationship to debtor    Chief Restructuring Officer


**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**

☐ No

☑ Yes

---

Debtor Name:  Chamber Inc.                                                    Case Number:  25-33651 (SGJ)

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**SOFA Question 7:** Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits

| Case Title | Case Number | Nature of Case | Court Name and Address | Status |
|---|---|---|---|---|
| Heather, Michael v. Ivy Holdings Inc. et al. | N/A | Breach of Fiduciary Duty | American Arbitration Association (AAA)<br>725 S. Figueroa Street<br>Suite 400<br>Los Angeles, CA 90017 | Pending |

Debtor Name:  Chamber Inc.                                                                                        Case Number:  25-33651 (SGJ)

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**SOFA Question 26a:** List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

| Name and Address | From | To |
|---|---|---|
| Sabillo, Alfredo<br>3824 Hughes Ave.<br>Culver City, CA 90232 | 8/15/2016 | Present |
| Samuels, Eric<br>3824 Hughes Ave.<br>Culver City, CA 90232 | 11/2/2015 | Present |
| Sanghvi, Mukesh<br>3824 Hughes Ave.<br>Culver City, CA 90232 | 4/19/2021 | 2/17/2023 |
| Scott, Todd<br>3824 Hughes Ave.<br>Culver City, CA 90232 | 10/1/2022 | 1/3/2025 |

Debtor Name:  Chamber Inc.

Case Number:  25-33651 (SGJ)

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**SOFA Question 26d:** List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issues a financial statement within 2 years before filing this case.

| Name and Address |
| --- |
| |

The Debtors have historically provided financial statements to various interested parties over the past two years, including, but not limited to, insurance carriers, lenders and financial institutions, various transaction parties, health plans, landlords, material vendors, advisors, regulatory and state agencies and others. The Debtors do not maintain records of the parties who have requested or obtained copies.

Debtor Name:  Chamber Inc.

Case Number:  25-33651 (SGJ)

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**SOFA Question 28:** List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| Name | Address | Position | % Interest |
|------|---------|----------|-----------|
| Samuel S. Lee | 3824 Hughes Ave. Culver City, CA 90232 | Chief Executive Officer, Director, Shareholder | 67% |
| David and Alexa Topper Family Trust | 3824 Hughes Ave. Culver City, CA 90232 | Shareholder | 33% |
| David Topper | 3824 Hughes Ave. Culver City, CA 90232 | Director | N/A |
| Mitchell Lew, M.D. | 3824 Hughes Ave. Culver City, CA 90232 | President | N/A |
| Alfredo Sabillo | 3824 Hughes Ave. Culver City, CA 90232 | Chief Financial Officer | N/A |
| Von Crockett | 3824 Hughes Ave. Culver City, CA 90232 | Senior Vice President, Corporate Development | N/A |
| Frank Saidara | 3824 Hughes Ave. Culver City, CA 90232 | General Counsel & Secretary | N/A |
| Eric Samuels | 3824 Hughes Ave. Culver City, CA 90232 | Corporate Vice President, Finance & Treasurer | N/A |

Debtor Name:  Chamber Inc.

Case Number:  25-33651 (SGJ)

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**SOFA Question 29:** Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?

| Name | Address | Position | Start | End |
|------|---------|----------|-------|-----|
| PILLARI, GEORGE | 3824 HUGHES AVE.<br>CULVER CITY, 90232 | SVP, Performance Officer | February 2018 | January 2025 |